Receipt #061235

ORIGINAL

ECF

FILED
AUG 26 2004
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LEON DAMELIN,

Plaintiff,

v.

No. 04-1387C

THE UNITED STATES

Defendant,

_______________________________/

**COMPLAINT**

COMES NOW, the Plaintiff, LEON DAMELIN, by and through his undersigned attorneys, and for his Complaint sues the Defendant the UNITED STATES OF AMERICA, and further states that:

**GENERAL ALLEGATIONS**

1. This is a claim of Admiralty and Maritime Jurisdiction and is governed by Admiralty and General Maritime Law. This Court also has jurisdiction on the basis that the UNITED STATES OF AMERICA is a party Defendant to this action and pursuant to the Admiralty Extension Act, 46 USC §740, the Suits in Admiralty Act, 46 USC §741 et seq., the Public Vessels Act, 46 USC §781 et seq. Alternatively, this Court has jurisdiction of this matter pursuant to the Federal Tort Claims Act, 28 U.S. Code §2671 et seq.

2. As a result of the trial between Leon Damelin v. United States of America and Mar. Inc., Case Number 01-0327-CIV-Huck/Turnoff, the United States District Court Southern District of Florida in Admiralty awarded the Plaintiff, Leon Damelin, costs for maintenance and cure.

3. As a result of the trial between Leon Damelin v. United States of America, case number 01-0327-CIV-Huck/Turnoff, on July 29, 2002 the United State District Court for the Southern District of Florida in Admiralty awarded the Plaintiff, Leon Damelin, costs for maintenance and cure and costs incurred by the Plaintiff associated with the prosecution of this case.

4. Costs in the amount of $18, 931.04 were awarded against THE UNITED STATES on September 10, 2002 as reflected by the Clerk of the Court's executed Bill of Costs. See Bill of Costs Attached hereto as Exhibit "B".

5. On December 6, 2002 a formal written demand for payment for Plaintiff's costs was made to David Karcher of Underwood, Karcher & Karcher, P.A., local counsel for THE UNITED STATES. See December 6, 2002 Demand Letter attached hereto as Exhibit "C".

6. On March 31, 2003 another formal written demand for payment for Plaintiff's costs was made upon both counsel for THE UNITED STATES, Peter Frost, of the United States Department of Justice and local counsel David Karcher of Underwood, Karcher & Karcher, P.A. See March 31, 2003 Demand Letter attached hereto as Exhibit "D".

7. On January 9, 2004 an additional written demand for payment for Plaintiff's costs was made to Mr. Walter, Comptroller General of the United States General Accounting Office. See January 9, 2004 Demand Letter attached hereto as Exhibit "E".

8. The undersigned has not received payment for costs associated with the prosecution of this case, pursuant to either the demand letters of December 6, 2002, March 31, 2003 or January 9, 2004. Accordingly, the amount of $18,931.04 plus the annual statutory interest rate of 4% pursuant to the Suits in Admiralty Act (46 USC §743 – applicable law to this case) remains outstanding.

WHEREFORE, the Plaintiff, LEON DAMELIN, prays for judgment against the Defendant, THE UNITED STATES, in the amount of $18,931.04 and post judgment interest at the annual interest rate of 4% which applied to $18,931.04 equals to $2.08/day for a total amount of interest owed as of July 21, 2004 of $1,414.40 for a total of $20,345.44, and for costs incurred for the prosecution of his case and such additional relief that this court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed on this 25th day of August, 2004 to: David P. Karcher, Esquire, Attorney for the United States of America, UNDERWOOD KARCHER & KARCHER, P.A., 6th Floor, 2900 S.W. 28 Terrace, Miami, Florida 33133 and Peter F. Frost, Esquire, Trial Counsel, United States Attorney, Torts Branch, Civil Division, U.S. Department of Justice, P.O. Box 14271, Washington, D.C. 20044-4271.

CASSIDY & BLACK, P.A.
Attorneys for Plaintiff
8370 West Flagler Street, Suite 252
Miami, Florida 33144
Tel: (305) 559-4962
Fax: (305) 559-2163

By: ______________________
WILLIAM E. CASSIDY, ESQUIRE
F.B.N. 266477
MICHAEL C. BLACK, ESQUIRE
F.B.N. 0056162

4204/fj

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

LEON DAMELIN,

Plaintiff,

vs

UNITED STATES OF AMERICA
and MAR INCORPORATED,

Defendants.
_______________________________/

CASE NO. 01-0327-CIV-HUCK
Magistrate Judge Turnoff

FILED by [signature] D.C.
JUL 30 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## *FINAL JUDGMENT*

THIS CAUSE having come on for trial before the Court on June 28 through July 3, 2002, and the Court having previously made its Findings of Fact and Conclusions of Law on July 8, and July 26, 2002, it is hereby

CONSIDERED, ORDERED AND ADJUDGED, pursuant to said Findings of Fact and Conclusions of Law, that:

1. As to Count I of the Plaintiff, LEON DAMELIN's First Amended Complaint, alleging negligence, I find for the Defendant, UNITED STATES OF AMERICA.

2 As to Count II of the First Amended Complaint alleging unseaworthiness, I find for the Defendant, UNITED STATES OF AMERICA.

3. As to Count III of the First Amended Complaint on maintenance and cure, I find for the Plaintiff, LEON DAMELIN, and award to the Plaintiff maintenance at the rate of $42.00 per day for that period of time remaining unpaid and continuing until September 30, 2002, which the Court finds to be the expected date that Plaintiff will reach maximum cure.

**Exhibit "A"**

4. As to cure, the Plaintiff, LEON DAMELIN is awarded his unpaid medical bills directly relating to his knee injury, and such further cure as may be necessary up to and including September 30, 2002.

Therefore, the Court finds, and it is hereby

CONSIDERED, ORDERED AND ADJUDGED on Count III of the First Amended Complaint:

1. Maintenance and cure is awarded the amounts of $9,912.00 for past due maintenance shall bear interest at the statutory rate, and $3,528.00 for future maintenance, up to and including September 30, 2002;
2. $749.06 for unpaid medical bills which shall bear interest at the statutory rate;
3. Such medical bills as may be incurred as set forth in paragraph 4 above.
4. If it appears that the Plaintiff, LEON DAMELIN, has ongoing medical problems in the future and he seeks additional maintenance and cure, the Defendant, UNITED STATES OF AMERICA, has stipulated and it is hereby ordered that the Defendant shall not raise any Statute of Limitations or any time bar defense against the Plaintiff resulting from the accident which occurred while the Plaintiff exited the Peter Anderson.
5. Costs incurred by the Plaintiff, LEON DAMELIN, to be hereinafter taxed that shall bear interest at the statutory rate.

DONE AND ORDERED in Chambers, Miami, Florida this 28 day of July, 2002.

THE HONORABLE PAUL HUCK
UNITED STATES DISTRICT COURT JUDGE

Copies Furnished To:
Michael C. Black, Esq.
David P. Karcher, Esq.
Peter F. Frost, Esq.

4204/Bill-Cst

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by [initials] D.C.
SEP 10 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN ADMIRALTY

CASE NO. 01-0327-CIV-HUCK/TURNOFF

LEON DAMELIN,

Plaintiff,

vs.

**BILL OF COSTS**

UNITED STATES OF AMERICA, and MAR, INC.,

Defendants.
_______________________________/

Final Judgment having been entered in the above entitled action on July 30, 2002, against Defendant, UNITED STATES OF AMERICA, the clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk | $ 150.00 |
| Fees for service of summons and subpoena | $ 427.40 |
| Fees of the court reporter for all or any part of transcript necessarily obtained for use in the case | $7,227.57 |
| Fees and disbursements for printing | $ 372.39 |
| Fees for witnesses | $9,837.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $ 228.47 |
| Docket fees under 28 U.S.C. 1923 | $ 20.00 |
| Costs as shown on Mandate of Court of Appeals | $0 |
| Compensation of court-appointed experts | $0 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | $0 |
| Others costs (see attached) | $ 668.21 |
| TOTAL | $18,931.04 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

**DECLARATION**

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: David P. Karcher, Esquire, Attorney for the United States of America, Underwood Karcher & Karcher, P.A., The Atrium - Suite 235. 1500 San Remo Avenue, Coral Gables, Florida 33146 and Peter F. Frost, Esquire, Trial Counsel, United States Attorney, Torts Branch, Civil Division, U.S. Department of Justice, P.O. Box 14271, Washington, D.C. 20044-4271.

Signature of Attorney: [signature]
Name of Attorney: Michael C. Black

For: Leon Damelin Date: 8/26/02
Name of Claiming Party

Costs are taxed in the amount of 18,931.04 and included in the judgment.

Clarence Maddox By: [signature] 9/10/02
Clerk of Court Deputy Clerk Date

Elvis Taveras

RECORDED
SEP 12 2002
BY:________

**Exhibit "B"**

# CASSIDY & BLACK, P.A.

*Attorneys at Law*

*Fontainebleau Executive Plaza*
*8370 West Flagler Street*
*Suite 252*
*Miami, Florida 33144*

*Telephone (305) 559-4962*
*Facsimile (305) 559-2163*

*wcassidy@marlaw.com*
*mblack@marlaw.com*

*William E. Cassidy**
*Michael C. Black*

** Board Certified in Admiralty and Maritime Law by the Florida Bar*


**VIA FACSIMILE 305-661-5888**

December 6, 2002

David P. Karcher, Esquire
Underwood, Karcher, & Karcher, P.A.
The Atrium, Suite 235
1500 San Remo Avenue
Coral Gables, Florida 33146

Re: Leon Damelin v. USA and Mar, Inc.
Case No. 01-0327-CIV-HUCK
Our File No: 4204/WEC

Dear Mr. Karcher:

As you know, the Court approved our Bill of Costs in this matter on September 10, 2002. We have enclosed a copy for your easy reference. However, to date we have not received your client's payment of same. Please forward payment of the $18,931.04 in taxed costs together with accrued interest from September 10, 2002 through the date of payment at the federal t-bill rate of 1.55%. We calculate the interest through December 9, 2002 to be $72. Accordingly, please have your client issue payment in the amount of $19,003.04 to "Cassidy & Black, P.A., Trust Account" by Monday December 9, 2002.

Thank you for your anticipated cooperation in this regard.

Very truly yours,

[signature]

MICHAEL C. BLACK

MCB/
4204/Karch24
encl.

**Exhibit "C"**

# CASSIDY & BLACK, P.A.

*Attorneys at Law*

*Fontainebleau Executive Plaza*
*8370 West Flagler Street*
*Suite 252*
*Miami, Florida 33144*

*Telephone (305) 559-4962*
*Facsimile (305) 559-2163*

*wcassidy@marlaw.com*
*mblack@marlaw.com*

*William E. Cassidy**
*Michael C. Black*

** Board Certified in Admiralty and Maritime Law by the Florida Bar*

**<u>VIA FACSIMILE 305-661-5888</u>**

March 31, 2003

David P. Karcher, Esquire
Underwood, Karcher, & Karcher, P.A.
The Atrium, Suite 235
1500 San Remo Avenue
Coral Gables, Florida 33146

Re: Leon Damelin v. USA and Mar, Inc.
Case No. 01-0327-CIV-HUCK
Our File No: 4204/WEC

Dear Mr. Karcher:

We understand from the mediator that your client has withdrawn all alleged offers to settle this matter. However, as we recall, neither you nor your client ever made an offer with a specific amount because you were waiting to discuss with your client the amount of costs that your client was willing to pay. Needless to say, we believe you and your client's actions in delaying to respond to efforts to settle this case and then withdrawing all alleged offers are inexcusable and completely unwarranted. We are preparing our Initial Brief which we expect to file by this Thursday.

Further to our December 6, 2002 correspondence, we hereby demand that your client, the United States of America, fully satisfy the outstanding costs owed to our client in this matter. As you know, the Final Judgment in this matter incorporated all taxable costs and the Clerk of Court taxed costs in the amount of $18,931.04 on September 10, 2002. You never filed a notice of appeal and the Court never ruled on your untimely objections despite your filing a 90 day ripeness notice. It is clear that the Costs issue is final. The interest rate on September 10, 2002 was 1.70% which comes to $.88/day and a total interest owed as of April 7, 2003 of $183.92. Therefore, we demand that your client make payment in the amount of $19,114.96 to our office trust account by no later Monday, April 7, 2003 or we will proceed to execute without further notice.

Thank you for your immediate attention to this matter.

Very truly yours,

MICHAEL C. BLACK

MCB/
4204/Karch25

cc: Peter Frost, Esquire

**Exhibit "D"**

# CASSIDY & BLACK, P.A.

*Attorneys at Law*

*Fontainebleau Executive Plaza*
*8370 West Flagler Street*
*Suite 252*
*Miami, Florida 33144*

*Telephone (305) 559-4962*
*Facsimile (305) 559-2163*

*wcassidy@marlaw.com*
*mblack@marlaw.com*

*William E. Cassidy**
*Michael C. Black*

** Board Certified in Admiralty and Maritime Law by the Florida Bar*


**<u>Via Certified Mail/Return Receipt Requested</u>**

January 9, 2004

David M. Walker, Comptroller General 7001 0320 0003 3806 2045
U.S. General Accounting Office
441 "G" Street, N.W.
Washington, D.C. 20548

**Re: Leon Damelin v. USA and Mar, Inc.**
**Case No. 01-0327-CIV-HUCK – United States District Court for the Southern District of Florida**
**Our File No: 4204/WEC**

Dear Mr. Walker:

Our office represents Leon Damelin in the above referenced matter. This matter arises out of a personal injury to a crewmember (Leon Damelin) aboard a vessel owned and operated by the EPA (O/S/V Peter W. Anderson) on February 2, 1999. This matter proceeded to trial in July, 2002 wherein the Plaintiff was successful in the recovery of certain maintenance and cure damages. Accordingly, the Plaintiff was entitled to recover his costs associated with the prosecution of his case. A copy of the Final Judgment awarding Plaintiff his costs is attached hereto.

Costs in the amount of $18,931.04 were awarded against the United States of America on September 10, 2002 as reflected by the Clerk of Court's executed Bill of Costs attached hereto. Counsel for the United States, Peter Frost, of the United States Department of Justice, together with local counsel, David Karcher of Underwood, Karcher & Karcher, P.A., are fully aware of this cost award against the United States but so far payment of the costs plus interest thereon has not been paid. Formal demand was made upon both counsel on March 31, 2003, a copy of said demand letter is attached hereto for your review. Pursuant to the Suits in Admiralty Act (46 USC §743 - applicable law to this case), the interest rate is 4% which comes to $2.08/day and a total interest owed as of February 9, 2004 of $1,073.40.

**Exhibit "E"**

Therefore, we request that the United States make payment in the amount of $20,004.44 to our office trust account ("Cassidy & Black, P.A., Trust Account") and received by our office by no later February 9, 2004 to avoid the accrual of additional interest.

Thank you for your immediate attention to this matter.

Very truly yours,

MICHAEL C. BLACK

MCB/
4204/Costs-demand

7001 0320 0003 3806 2038

cc: Jayetta Hecker, Director - Physical Infrastructure, Transportation Division, U.S. General Accounting Office
Peter Frost, Esquire
David Karcher, Esquire