IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

LEON DAMELIN,

Plaintiff,

v.

Case No. 04-1387C
Judge Mary Ellen Coster Williams

THE UNITED STATES

Defendant,

_____________________________/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiff, LEON DAMELIN, by and through his undersigned attorneys, and files this Memorandum of Law in Opposition to Defendant, The UNITED STATES OF AMERICA's Motion to Dismiss for Lack of Subject Matter Jurisdiction , and in opposition thereto states that:

**Memorandum of law**

1. At all times material hereto, the Plaintiff, LEON DAMELIN, an individual and resident of the State of Florida, was employed as a Cook aboard the ocean survey vessel, "Peter W. Anderson".

2. At all times material hereto, Defendant, UNITED STATES OF AMERICA (hereinafter "UNITED STATES"), by or through the United States Environmental Protection Agency, owned, operated, managed, maintained and/or controlled the ocean survey vessel, "Peter W. Anderson".

3. On or about February 2, 1999, the Plaintiff was injured while working under his contract of employment with the defendant and as such was entitled to maintenance and cure until he reached maximum medical improvement.

4. In the case of Leon Damelin v. United States of America and Mar. Inc., Case Number 01-0327-CIV-Huck/Turnoff, in the United States District Court for the Southern District of Florida, after a bench trial was held, the trial judge found in favor of the Plaintiff under Count III of his First Amended Complaint and awarded the Plaintiff, LEON DAMELIN, maintenance and cure to be paid until September 30, 2002 and for costs incurred by the Plaintiff. The trial judge denied Count I of the Plaintiff's claim based upon tort under the Jones Act and also denied Count II based upon the Plaintiff's claim for breach of warranty of seaworthiness.

5. Under the General Maritime Law, the Plaintiff, as a seaman, is entitled to maintenance and cure from his employer while in the service of a vessel, The Osceola, 289 US. 153, 23 S.Ct. 483 (1903), until he is declared to have reached maximum medical improvement. The right arises out of the contractual employer-employee relationship. Omar v. SeaLand Service, Inc., 813 F.2d 986 (9th Cir. 1987). Thus, the Defendant's motion to dismiss on the basis that the underlying claim is not based upon contract is misplaced.

6. Furthermore, the Clerk of Court for the United States District Court for the Southern District of Florida taxed costs in the amount of $18,931.04 and included same in the judgment on September 10, 2002. See Exhibit "B" attached to Plaintiff's Complaint. While the Defendant filed an Objection to the Bill of Cost as originally presented by the Plaintiff on or about August 26, 2002, the Defendant never filed a

motion for reconsideration in response to the Cost Award itself nor did they appeal the award. Therefore, the subject of the present suit is the recovery of the cost judgment arising out of Leon Damelin's contract of employment. It is not a tort claim.

WHEREFORE, the Plaintiff, LEON DAMELIN, prays that the court deny Defendant's Motion to Dismiss and that judgment be entered against the Defendant, THE UNITED STATES, and for such other relief that this court deems just and proper.

Dated October 18, 2004.

CASSIDY & BLACK, P.A.
Attorneys for Plaintiff
8370 West Flagler Street, Suite 252
Miami, Florida 33144
Tel: (305) 559-4962
Fax: (305) 559-2163

S/ William E. Cassidy
By: ______________________________
WILLIAM E. CASSIDY, ESQUIRE
F.B.N. 266477
MICHAEL C. BLACK, ESQUIRE
F.B.N. 0056162